# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIE RODRIGUEZ, | CASE NO. 8:11CV356 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| ASHLEY PRUETT, | |
| Defendant. | |

This matter is before the Court on the Defendant Ashley Pruett's Motion to Dismiss (Filing No. 11), in which she argues that this case should be dismissed for lack of personal jurisdiction, and the Plaintiff Marie Rodriguez's Motion to Transfer (Filing No. 14), requesting that the case be transferred to the Western District of Oklahoma. For the reasons discussed below, the Court finds that it lacks personal jurisdiction over the Defendant, and a transfer of venue to Oklahoma is warranted. The Defendant's Motion will be denied, and the Plaintiff's Motion will be granted.

### BACKGROUND[1]

On October 18, 2009, Rodriguez was a passenger in a vehicle driven on Interstate 35 near Oklahoma City, Oklahoma. Pruett's vehicle collided with the vehicle in which Rodriguez was riding, and Rodriguez immediately suffered injuries. Pruett did not stop, and drove away. Rodriguez and her fellow traveler(s) obtained Pruett's license plate number, contacted the State Patrol, and waited for law enforcement to arrive at the scene.

---

[1]The facts are taken from the Plaintiff's affidavits (Filing Nos. 10, 16-1, 16-2). The Defendant did not file any affidavits. *See Coen v. Coen*, 509 F.3d 900, 904-05 (8th Cir. 2007) (providing that the plaintiff's showing for a motion to dismiss for lack of personal jurisdiction "must be tested, not by the pleading alone, but by the affidavits and exhibits presented" in support of and in opposition to the motion). For purposes of the pending Motion to Dismiss, the Court must view the facts provided in the affidavits in the light most favorable to the Plaintiff and resolve all factual conflicts in his or her favor. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1387 (8th Cir. 1991).

Rodriguez's counsel could not locate a police report of the accident that would identify Pruett's address or her insurance carrier. Rodriguez's counsel eventually received an insurance policy number for Pruett from the insurance carrier for the owner of the vehicle in which Rodriguez was riding.

Rodriguez then returned to her home in Kearney, Nebraska, where she obtained medical treatment, including surgery. Her physician assigned her a 10% permanent partial disability rating and referred her to another physician for pain management. Rodriguez works as a job developer at ResCare, Inc., in Kearney. She has suffered lost wages and has been sued in Hall and Buffalo County courts for unpaid medical bills.

On October 12, 2011, Rodriguez filed her Complaint in this Court, alleging that Pruett was negligent. Rodriguez filed her suit and obtained service on Pruett within Oklahoma's two-year statute of limitations. Rodriguez alleged diversity jurisdiction under 28 U.S.C. § 1332(a) as she resides in Nebraska and Pruett resides in Ponca City, Oklahoma. On April 2, 2012, Pruett's insurance carrier opened a claim. Rodriguez's counsel believes that the amount of Rodriguez's damages exceeds Pruett's available liability coverage.

On April 3, 2012, this Court issued an order directing Rodriguez to show cause as to why this case should not be dismissed for lack of prosecution. Rodriguez's counsel filed a declaration stating that he obtained valid service over Pruett and she failed to respond to the Complaint. However, Rodriguez's attorney explained that he had not moved for default in light of his need to investigate Pruett's insurance coverage. Because he believed Pruett to be under-insured, he sought to comply with Neb. Rev. Stat. § 44-6412 and

thereby enable Pruett's carrier to exercise its options and retain its right of subrogation. Pruett's Motion to Dismiss soon followed, and the Motion to Transfer was filed in response.

## DISCUSSION

I.  **Rule 12(b)(2)- Personal Jurisdiction**

To survive a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff must plead "sufficient facts 'to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state.'" *K-V Pharm. Co. v. J. Uriach & CIA, S.A.,* 648 F.3d 588, 591-92 (8th Cir. 2011). When jurisdiction is challenged, the "'nonmoving party need only make a prima facie showing of jurisdiction.'" *Pangaea, Inc. v. Flying Burrito LLC,* 647 F.3d 741, 745 (8th Cir. 2011) (quoting *Dakota Indus., Inc.,* 946 F.2d at 1387). The plaintiff's showing "'must be tested, not by the pleading alone, but by the affidavits and exhibits presented'" in support of and in opposition to the motion to dismiss for lack of personal jurisdiction. *Coen*, 509 F.3d at 904 (quoting *Deyer v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1072 (8th Cir. 2004)). "'[T]he court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party.'" *Pangaea, Inc.,* 647 F.3d at 745 (quoting *Dakota Indus., Inc.,* 946 F.2d at 1387).

In determining whether this Court has personal jurisdiction over a nonresident defendant, two issues are presented: (1) whether the requirements of the Nebraska long-arm statute are satisfied and (2) whether the exercise of jurisdiction over this Defendant will violate the Fourteenth Amendment Due Process Clause. *Coen*, 509 F.3d at 905.

Because Nebraska's long-arm statute, NEB. REV. STAT. § 25-536,[2] has been interpreted to extend jurisdiction over nonresident defendants to the fullest degree allowed by the Due Process Clause of the United States Constitution, *Ameritas Inv. Corp. v. McKinney*, 694 N.W.2d 191, 199 (Neb. 2005), the Court need only determine whether the assertion of jurisdiction offends constitutional limits.

In order to exercise personal jurisdiction over a nonresident defendant, due process requires that the defendant have "minimum contacts" with the forum state such that maintenance of a suit against that defendant "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The nonresident defendant's conduct and connection with the forum state must be such that "he should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), and it is essential that "'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus

---

[2] NEB. REV. STAT. § 25-536 provides:

A court may exercise personal jurisdiction over a person:
    (1) Who acts directly or by an agent, as to a cause of action arising from the person:
        (a) Transacting any business in this state;
        (b) Contracting to supply services or things in this state;
        (c) Causing tortious injury by an act or omission in this state;
        (d) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
        (e) Having an interest in, using, or possessing real property in this state; or
        (f) Contracting to insure any person, property, or risk located within this state at the time of contracting; or
    (2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.

invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "Purposeful availment" means that the defendant's contacts with the forum state must not be "'random,' 'fortuitous,' or 'attenuated,'" or the result of "'unilateral activity of another party or a third person.'" *Id.* at 475 (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984) and *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984))*.* A defendant's minimum contacts with the forum state must exist either when the cause of action arose, when the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003).

Once it has been determined that the nonresident defendant purposefully established minimum contacts with the forum state, such contacts must be analyzed in light of other factors to determine whether the exercise of personal jurisdiction over the nonresident defendant comports with "'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. at 320). The factors, as articulated by the Eighth Circuit Court of Appeals, are: "'(1) the nature and quality of contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.'" *Coen*, 509 F.3d at 905 (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.,* 22 F.3d 816, 819 (8th Cir. 1994)). The fourth and fifth factors, however, are of secondary importance and not determinative. *Id.* In applying these factors, the central inquiry is the "'relationship among the defendant, the forum, and

the litigation.'" *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.,* 708 F.2d 1338, 1340 (1983) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Turning to the instant case, and viewing the facts in the light most favorable to Rodriguez, her affidavits do not reveal any contacts between Pruett and Nebraska. Pruett does not reside in Nebraska, and no other contacts are alleged. Therefore, Pruett had no reason to anticipate being haled to court in Nebraska. Pruett lacks "minimum contacts" with Nebraska such that continued maintenance of this case against her in this forum would offend "'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken*, 311 U.S. at 463). For reasons discussed below, however, the motion to dismiss will be denied.

## II.    Transfer of Venue

Rodriguez moves for a change of venue to the Western District of Oklahoma under 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Section 1406(a) authorizes the transfer of a case for improper venue, even if the transferor court lacks personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67 (1962) (cited in *Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH,* 495 F.3d 582, 584 (8th Cir. 2007)). As discussed above, this case was filed in the "wrong . . . district." 28 U.S.C. § 1406(a). When a case is transferred under § 1406(a), the law of the transferee state applies. *Eggleton,* 495 F.3d at 587. Oklahoma law provides a two-year statute of limitations for personal injury actions. 12 OKLA STAT. tit. 12, § 95(A)(3). If this case were dismissed, Rodriguez could not refile

6

the case as it would be outside the statute of limitations. Therefore, in the interest of justice, the case will be transferred to the Western District of Oklahoma, a district in which the case could have been brought.

Accordingly,

IT IS ORDERED:

1. The Defendant Ashley Pruett's Motion to Dismiss (Filing No. 11) is denied;

2. The Plaintiff Marie Rodriguez's Motion to Transfer (Filing No. 14) is granted; and

3. The Clerk is directed to transfer this case to the Western District of Oklahoma.

DATED this 16th day of May, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge